

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 26, 1939

Hon. Willie O'Neal
County Auditor
Carson County
Panhandle, Texas

Dear Sir;

Opinion No. O-625
Re: Can both the sheriff and county
clerk receive five per cent col-
lected in the county court?

Your request for an opinion as to whether
or not both the sheriff and county clerk can re-
ceive five per cent on fines collected in the county
court, has been received by this department.

We are informed by the Comptroller's of-
fice that Carson County has a population of 7,745
according to the last Federal Census, therefore,
we assume that the county and precinct officers of
Carson County are compensated on a fee basis.

Your attention is here directed to Articles
949 and 950 of the Code of Criminal Procedure, which
respectively read as follows:

"Art. 949.- Money collected paid to
treasurer. Money collected by an officer
upon recognizances, bail bonds and other
obligations recovered upon in the name of
the State under any provision of this Code,
and all fines, forfeitures, judgments and
jury fees, collected under any provision
of this Code, shall forthwith be paid over
by the officers collecting the same to the
county treasurer of the proper county, after
first deducting therefrom the legal fees
and commissions for collecting the same."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Art. 950.- Commissions on Collections. The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

Money collected by fines is public money and belongs to the State. The net proceeds collected by fines must be paid over to the county treasurer, unless the fines were imposed by a corporation court or on appeal from a judgment rendered in such court, in which case the money collected must be paid into the municipal treasury. However, before paying over the amount of the fines, which have been collected in the name or for the use of the State or county, the officers who are responsible for the collections are entitled to deduct as commission fifteen per cent of this amount, ten per cent for the district or county attorney, and five per cent for the clerk of the court. The clerk of a court shall be entitled to five per cent on all fines.

Hart v. State, 70 SW 948;
McLennan County v. Boggess, 139 W 1054;
Tex. Jur., Vol. 19, p. 654;
Tex. Jur., Vol. 9., p. 251.

"Art. 951.- Commissions to other officers. The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

This is a collection statute and provides for the remuneration of the officer who is charged by law with the duty of collecting the fine. In collection of fines and forfeitures, the sheriff can only retain as fees of office five per cent of the sum actually collected by him. Chaw v. Brown, 41 Tex. 446.

It is, therefore, our opinion that fifteen per cent of the fines should be deducted and distributed as follows: a commission of ten per cent to be applied to the fees of the office of the county or district attorney and five per cent to the fees of office of clerk of the court in which the fines were imposed.

It is our opinion that the county clerk is entitled to five per cent of fines. It is further our opinion that the sheriff is entitled to five per cent of fines in such instances only as such fines are collected by the sheriff.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) W. P. Watts
W. P. Watts
Assistant

WPW:OMB

APPROVED:

(Signed)  Gerand C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By RXK
Chairman